**ORIGINAL**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
ENTERED
TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

U.S. DISTRICT COURT
N. DISTRICT OF TEXAS
FILED
JUL 16 2009
CLERK, U.S. DISTRICT COURT
By_____ Deputy

| | |
|---|---|
| IN RE: § | |
| § | |
| TSM SKYLINE EXHIBITS, INC., § | CASE NO. 08-32793-BJH |
| § | |
| Debtor(s). § | |
| § | |
| SABRE TECHNOLOGIES, L.P. § | |
| § | |
| - against - § | ADV. PRO. NO. 08-3463 |
| § | |
| TSM SKYLINE EXHIBITS, INC., et al. § | U.S.D.C. Case No. 3:09-CV-0392-L |
| § | |
| Defendants. § | |

## REPORT AND RECOMMENDATION

The above-captioned adversary (the "Adversary") was referred to the undersigned on November 13, 2008 by the United States District Court for the Northern District of Texas. For the reasons explained more fully below, this Court recommends that the reference of the Adversary to this Court be withdrawn.

**Factual and Procedural Background**

This litigation started in the 61st District Court of Harris County, Texas, on March 12, 2008, when Sabre Technologies, L.P. (the "Plaintiff") sued TSM Skyline Exhibits, Inc. (the "Debtor"), TSM Exhibits Incorporation ("Exhibits"), and Beryl Ann Windham ("Windham") (collectively, the "Defendants") in connection with a $200,000 loan made by the Plaintiff to the Debtor in June of 2007.

On June 5, 2008, less than three months after the state court lawsuit was filed, the Debtor filed a voluntary petition for relief under Chapter 7 in this Court (thereby commencing the above bankruptcy case, the "Case"); one day later, the state court lawsuit was removed to the United States District Court for the Southern District of Texas. Upon the filing of a "Suggestion of Bankruptcy," the district judge entered an order dismissing the Debtor from the lawsuit without prejudice.

On July 2, 2008, the Plaintiff moved for abstention and/or remand, which Exhibits and Windham opposed. In turn, Exhibits and Windham filed a motion to transfer the lawsuit to the United States District Court for the Northern District of Texas, which the Plaintiff opposed.

On September 18, 2008, by Memorandum Opinion and Order, United States District Judge Sim Lake denied the motion for abstention and remand, and granted the motion to transfer the lawsuit to the Northern District of Texas. *See* Docket No. 3 in the Adversary. The reasons for his rulings are set forth in that Memorandum Opinion and Order and will not be repeated here.

On November 13, 2008, United States District Judge for the Northern District of Texas Jorge Solis referred the Adversary to the undersigned, to be considered in connection with the Case. This Court held a status conference in the Adversary on January 6, 2009 in order to understand (i) the procedural history of the lawsuit, and (ii) when the parties expected to be ready for trial.

Following that status conference, the Plaintiff filed a motion to remand the Adversary (the "Motion to Remand"), which Exhibits and Windham opposed (based, in part, on Judge Lake's Memorandum Opinion and Order denying the Plaintiff's prior motion for abstention and remand). This Court heard the Motion to Remand on February 23, 2009, and denied it without prejudice. The Court did so on the basis of Judge Lake's prior Memorandum Opinion and Order; this Court did not believe that it had the authority to either reconsider or disregard Judge Lake's prior ruling.

At the hearing on the Motion to Remand, the Court was advised that the Plaintiff intended to file a motion to withdraw the reference. With the agreement of the parties, this Court deemed the hearing on the Motion to Remand to constitute a status conference, pursuant to L.B.R. 5011.1 of the Local Rules for the United States Bankruptcy Court for the Northern District of Texas, on that to-be-filed motion to withdraw the reference. Exhibits and Windham indicated that they would oppose any such motion.

On February 27, 2009, the Plaintiff filed a motion to withdraw the reference (the "Withdrawal of Reference Motion"). As noted earlier, the Court had already held a status conference and thus no further status conference was scheduled on the Withdrawal of Reference Motion. Exhibits and Windham did not, however, file opposition to the Withdrawal of Reference Motion and, upon being contacted by the Court to determine whether such opposition would be filed, those parties indicated that they now agreed to the withdrawal of the reference. And, on July 6, 2009, the Plaintiff and the remaining defendants filed a Notice of Stipulation to Agreed Order Withdrawing Reference.

Accordingly, this Court, for the reasons set forth below, respectfully recommends that the stipulation be approved and that the reference of the Adversary to this Court be withdrawn.

**Legal Analysis**

Rule 5011.1 of the Local Rules provides that at the status conference on a motion to withdraw the reference, the court shall consider and determine the following:

(a) whether any response to the motion to withdraw the reference was filed, and whether the motion was denied;
(b) whether a motion to stay the proceeding pending the district court's decision on

**Report and Recommendation**                                                                                                   Page 2

the motion to withdraw the reference has been filed, in which court the motion was filed, and the status (pending, granted or denied) of the motion;
(c) whether the proceeding is core or non-core, or both and with regard to the non-core and mixed issues, whether the parties consent to entry of a final order by the bankruptcy court;
(d) whether a jury trial has been timely requested, and if so, whether the parties consent to the bankruptcy judge conducting a jury trial, and whether the district court is requested to designate the bankruptcy court to conduct a jury trial;
(e) if a jury trial has not been timely requested or if the proceeding does not involve a right to jury trial;
(f) whether the bankruptcy court has entered a scheduling order in the proceeding;
(g) whether the parties are ready for trial;
(h) whether the bankruptcy court recommends that
    (1) the motion be granted;
    (2) the motion be granted upon certification by the bankruptcy court that the parties are ready for trial,
    (3) the motion be granted but that pre-trial matters be referred to the bankruptcy court, or
    (4) the motion be denied
(i) any other matters considered by the bankruptcy court relevant to the decision to withdraw the reference.

Withdrawal of the reference is governed by 28 U.S.C. § 157(d), which provides, in relevant part, that the district court may withdraw, "in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown." In *Holland America Ins. Co. v. Succession of Roy*, 777 F.2d 992, 998-99 (5th Cir. 1985), the Fifth Circuit stated that in ruling upon a motion to withdraw the reference, a court should consider several factors: (1) whether the matter involves core, non-core, or mixed issues; (2) whether or not there has been a jury demand; (3) the effect of withdrawal on judicial economy; (4) the effect of withdrawal on the goal of reducing forum shopping; (5) uniformity in bankruptcy administration; (6) the effect of withdrawal on fostering the economical use of the parties' resources; and (7) the effect of withdrawal on the goal of expediting the bankruptcy process.

Here, as noted previously, no response to the Withdrawal of Reference Motion has been filed; instead, the remaining defendants consent to the withdrawal of the reference. No party has moved to stay the Adversary pending the District Court's decision on the Withdrawal of Reference Motion. While the United States District Court for the Southern District of Texas has determined that this lawsuit involves some "core" claims, at this juncture non-core claims predominate. This is so because the Chapter 7 Trustee has filed a "no asset" report and the Debtor has been dismissed from the lawsuit. Efficiency of bankruptcy administration, while once a factor that would have weighed in favor of this Court trying this lawsuit (and one of the factors that led Judge Lake to conclude that the lawsuit should pend here), no longer remains as such, as the Trustee has filed a "no-asset" report and the Debtor's bankruptcy case is ready to be closed. Similarly, withdrawal of the reference will have no impact at all on the goal of expediting the bankruptcy process, since the bankruptcy process

is essentially concluded. Nor will withdrawal of the reference have a significant impact on the economical use of the remaining parties' resources - as evidenced by the parties' mutual consent to the Withdrawal of Reference Motion. No party has requested a jury trial; the lawsuit has not yet been set for trial here, and it appears that discovery is in its infancy.

Withdrawal of the reference will foster the efficient use of this Court's resources. This Court is one of specialized jurisdiction, best suited to hear disputes that are in some way related to a pending bankruptcy case. While the parties acknowledge that this Court has *jurisdiction* over the subject matter of this lawsuit, they recognize that (i) once the Debtor was dismissed from the lawsuit and the Trustee filed his "no-asset" report in the Debtor's bankruptcy case, any bankruptcy implications of the litigation fell away, and (ii) withdrawal of the reference will ensure that this Court's resources are available for use in litigation that has bankruptcy implications remaining.

In this Court's view, this lawsuit should be tried in state court, but this Court is unwilling to disregard the prior rulings of the United States District Court for the Southern District of Texas denying the remaining defendants' motion to remand. However, it is possible that the United States District Court for the Northern District of Texas could reconsider its colleague's prior ruling and, to the extent it agreed that remand is now appropriate, enter such an order.

In light of the parties' agreement and the analysis set forth above, this Court respectfully recommends that the United States District Court for the Northern District of Texas withdraw the reference of the Adversary in order that it make take whatever further action it deems appropriate.

Dated: July 16, 2009.

Respectfully submitted,

*Barbara J. Houser* (signature)

Barbara J. Houser
Chief United States Bankruptcy Judge