IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **SABRE TECHNOLOGIES, L.P.**, § | |
| § | |
| Plaintiff, § | |
| v. § | Civil Action No. **3:09-CV-0392-L** |
| § | |
| **TSM EXHIBITS, Inc.** and § | |
| **BERYL ANN WINDHAM,** § | |
| § | |
| Defendants. § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff's Motion to Remand, filed September 1, 2009. After careful consideration of the motion, briefs, record, and applicable law, the court **declines** to rule on Plaintiff's Motion to Remand, as it does not believe it has the authority to do so. The court, however, *sua sponte* **transfers** this action to the Southern District of Texas, Houston Division.

**I.    Background**

Plaintiff Sabre Technologies, L.P. originally filed this action in the 61st Judicial District Court, Harris County, Texas, against TSM Skyline Exhibits ("Skyline"), TSM Exhibits ("TSM"), and Beryl Ann Windham ("Windham") on March 12, 2008.[1] Plaintiff brought claims alleging breach of contract, fraud and fraudulent transfer, and requested injunctive relief and the appointment of a receiver. Plaintiff is a Texas limited partnership with its principal place of business in Harris County of Texas. Harris County is located in the Houston Division of the Southern District of Texas. 28 U.S.C. § 124(b)(2). Plaintiff alleges that TSM is a Texas corporation with its principal

---

[1] Pursuant to a bankruptcy automatic stay, the Southern District of Texas dismissed Defendant Skyline from the suit on July 15, 2008. The remaining defendants are TSM and Beryl Ann Windham. The court **directs** the Clerk of the Court to remove Skyline as a Defendant to this action.

**Memorandum Opinion and Order- Page 1**

place of business in Dallas County, Texas, and that Defendant Windham is a resident of Dallas County, Texas. Dallas County is located in the Dallas Division of the Northern District of Texas. 28 U.S.C. § 124(a)(1).

On June 5, 2008, Defendant Skyline filed a voluntary petition under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Texas, triggering federal jurisdiction. On June 6, 2008, Defendants TSM and Windham filed a Notice of Removal to the United States District Court for the Southern District of Texas pursuant to 28 U.S.C. §§ 1452(a) and 1334(b). On July 14, 2008, TSM and Windham filed a Suggestion of Bankruptcy and Notice of Application of Automatic Stay, stating that Skyline had declared bankruptcy and requesting that the court administratively close and abate the action pursuant to the automatic stay. On July 15, 2008, the United States District Court for the Southern District of Texas dismissed without prejudice the action against Skyline, the bankruptcy entity. On September 18, 2008, the United States District Court for the Southern District of Texas granted Defendants TSM and Windham's Motion to Transfer Venue to the Northen District of Texas and denied Plaintiff's Motion to Remand. In light of the *In re Encompass Services Corporation's* fourteen-factor balancing test,[2] the court held that remand was inappropriate, reasoning that the administration of Skyline's

---

[2] *In re Encompass Services Corp.,* 337 B.R. 864, 878 (Bankr. S.D. Tex. 2006) (*quoting Broyles v. U.S. Gypsum Co.,* 266 B.R. 778, 785 (E.D. Tex. 2001)). The factors considered include:

> (1) the effect or lack thereof on the efficient administration of the estate if the court recommends [remand or] abstention; (2) extent to which state law issues predominate over bankruptcy issues; (3) difficult or unsettled nature of applicable law; (4) presence of related proceeding commenced in state court or other nonbankruptcy proceeding; (5) jurisdictional basis, if any, other than § 1334; (6) degree of relatedness or remoteness of proceeding to main bankruptcy case; (7) the substance rather than the form of an asserted core proceeding; (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court; (9) the burden of the bankruptcy court's docket; (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties; (11) the existence of a right to a jury trial; (12) the presence in the proceeding of nondebtor parties; (13) comity; and (14) the possibility of prejudice to other parties in the action.

bankruptcy estate would be much more efficient if the court declined to remand the case and transferred it to the Northen District of Texas where Skyline's bankruptcy proceeding was pending. September 18, 2008 Memorandum Opinion and Order ("Lake Order"), Docket entry No. 7, S.D. Tex. Docket.  On October 3, 2008, the Skyline Bankruptcy Trustee, made his report of no distribution, concluding that there were no assets to administer for the benefit of creditors of the estate. On July 16, 2009, the Bankruptcy Court of the Northern District of Texas, submitted a Report and Recommendation ("Report") to this court, recommending that this court withdraw the reference of this case pursuant to 28 U.S.C. § 157(d).  This court adopted the Report and granted Plaintiff's Motion to Withdraw Reference on August 25, 2009.  On September 24, 2009, the Bankruptcy Court closed *In Re TSM Skyline Exhibits, Inc.,* Case No. 08-32793-BJH.

## II. Discussion

### A. Reason for Transfer

This court holds that for the convenience of the parties and witnesses and in the interest of justice, the proper forum for this action is the Southern District of Texas.  In sum, this case was not originally remanded to the state court because of a pending bankruptcy in the Northern District of Texas, and it was also transferred because of a pending bankruptcy against Defendant Skyline.  In its Motion to Remand, Plaintiff argues that remand is now proper because the bankruptcy proceedings have ended.  Defendants argue that the Motion for Remand and the Motion for Transfer of Venue were previously decided by the Southern District of Texas and that court determined that remand was inappropriate under the then-existing circumstances. Additionally, Defendants misstate a key fact in attempting to convince this court to deny the Motion to Remand by arguing that the Bankruptcy Court recommended that this court retain jurisdiction of this action.  This is incorrect.

**Memorandum Opinion and Order- Page 3**

Defendants took the Bankruptcy Court's Report out of context and distorted its importance when they stated that "the Houser Report recognizes the significance of the District Court Order as Judge Houser was 'unwilling to disregard the prior rulings of the United States District Court for the Southern District of Texas.'" Defs.' Resp. at 4 (citing Report at 4). Specifically, Judge Houser, the Bankruptcy Judge, stated:

> In this Court's view, this lawsuit should be tried in state court, but this Court is unwilling to disregard the prior rulings of the United States District Court for the Southern District of Texas denying the remaining defendants' motion to remand. However, it is possible that the United States District Court for the Northern District of Texas could reconsider its colleague's prior ruling, and to the extent it agreed that remand is now appropriate, enter such an order.

Report at 4. The court agrees with Judge Houser in that this action ought to be litigated in state court.

Given the unique posture of this case, the court does not believe that it has authority to remand this action to the 61st Judicial District Court of Texas. The court agrees that the Southern District of Texas made the correct decision at the time of its ruling; however, at this time none of the reasons relied upon by the district court any longer exists. The proper procedure to have this case remanded would be to first transfer it to the Southern District of Texas and let that court decide whether remand is appropriate. Although Plaintiff has not requested the court to transfer this action to the Southern District of Texas, the court may *sua sponte* transfer the action to the Houston Division of the Southern District of Texas pursuant to 28 U.S.C. § 1404(a). *See Jarvis Christian College v. Exxon Corp.*, 845 F.2d 523, 528 (5th Cir. 1988) (holding that district court may *sua sponte* transfer action pursuant to 28 U.S.C. § 1404(a)).

**Memorandum Opinion and Order- Page 4**

**B.      Standard for Transfer under 28 U.S.C. § 1404(a)**

With respect to section 1404(a), "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it may have been brought." 28 U.S.C. § 1404(a). In applying section 1404(a), a district court is to first determine "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) (citing *In re Horsehow Entm't*, 337 F.3d 429, 432 (5th Cir.), *cert. denied*, 540 U.S. 1049 (2003)). Once this initial determination is made, a district court

> turn[s] to the language of 1404(a), which speaks to the issue of "the convenience of parties and witnesses" and to the issue of "in the interest of justice." The determination of "convenience" turns on a number of private and public interest factors, none of which [is] given dispositive weight. The private concerns include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. The public concerns include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law.

*In re Volkswagen AG,* 371 F.3d at 203 (citations omitted).

Given that a substantial part of the actions giving rise to the suit occurred in the Southern District of Texas, there is no dispute that the Southern District of Texas is a district in which Plaintiff's claims could have been brought originally; indeed, it would be fatuous to contend otherwise. The question that must be resolved is whether for the convenience of the parties and in the interest of justice, a transfer should occur from the Northern District of Texas to the Southern District of Texas.

**Memorandum Opinion and Order- Page 5**

Transfer of venue pursuant to 28 U.S.C. § 1404(a) is at the discretion of the court, considering "[a]ll relevant factors to determine whether or not on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum." *Peteet v. Dow Chem. Co.,* 868 F.2d 1428, 1436 (5th Cir. 1989) (quoting 15 C.Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3847 at 370 (1986)).  The moving party bears the burden of demonstrating that a change of venue is warranted.  *Time, Inc. v. Manning,* 366 F.2d 690, 698 (5th Cir. 1966); *Carlile v. Continental Airlines, Inc.,* 953 F.Supp. 169, 170 (S.D. Tex. 1997).

A plaintiff's choice of forum is entitled to some deference and generally should not be disturbed unless the balance of factors strongly favors the moving party, *see Houston Trial Reports, Inc., v. LRP Publ'ns, Inc.,* 85 F.Supp.2d 663, 667 (S.D. Tex. 1999); however, a court may not attribute "decisive weight" to a plaintiff's choice of forum.  A "[p]laintiff's choice of forum is clearly a factor to be considered but in and of itself is neither conclusive nor determinative."  *In re Horseshoe Entm't,* 337 F.3d at 434.  Having determined that this action could have been originally filed in the Southern District of Texas, the court now considers the eight factors to determine whether it should be transferred to that district.

    **C.**    **The Four Private Factors**

        **1.**    **The Relative Ease of Access to Sources of Proof**

The first private factor is neutral.  The common practice in litigation is that one side produces the documents by copying them, sending them to the other side, and in cases where the production may be voluminous, a party is often given an opportunity to inspect the records and specify which documents the viewing party wants. Nothing, however, indicates that the documents are voluminous in nature or that this approach has been used in this case. Whether this case is tried in Houston or

**Memorandum Opinion and Order- Page 6**

Dallas, the costs associated with locating, copying, and sending the documents is essentially the same. Defendants assert that maintaining venue in the Northern District of Texas is proper because "the majority of the operative documents" are in the Northern District of Texas. Defs. Resp. at 7. The use of technology, has however, in many instances, reduced the importance of this factor. In any event, Defendants do not set forth a sufficient factual basis, detailing which operative documents are located within the Northern District of Texas or why the documents are difficult to send to the Southern District of Texas. Similarly, it is likely that access to sources of proof is easy in the Southern District of Texas as well, given that Plaintiff maintains its office and records in Houston, Texas. The office and records will likely provide sources of proof to support the breach of contract and fraud claims. Consequently, this factor is neutral.

### 2. The Availability of Compulsory Process to Secure the Attendance of Witnesses

The second private factor is neutral. The parties have not identified any unwilling witnesses who would be subject to compulsory process in the Southern District of Texas but not in the Northern District of Texas, or vice versa. Moreover, any witness who resides beyond the subpoena power of either court can be required to provide deposition testimony, which can be used by either party at trial.

### 3. The Cost of Attendance for Willing Witnesses

The cost of attendance for willing witnesses will likely remain neutral as well. The court knows of no unwilling witnesses. If the court were to consider the parties named in the Certificate of Interested Persons, travel costs would not likely increase because each person is a party to the suit and, thus regardless of costs, will likely attend the proceedings.

**Memorandum Opinion and Order- Page 7**

### 4. All Other Practical Problems that Make Trial of a Case Easy, Expeditious, and Inexpensive

Finally, the last private factor addresses all other practical problems that make trial of a case easy, expeditious, and inexpensive. The final factor weighs in favor of transfer to the Southern District of Texas. Given the current stage of litigation, it is unlikely that a transfer of venue would make the disposition of the case more difficult or expensive. Except for the current motion before the court and those initially filed, the parties have not filed any motions or conducted any discovery. Additionally, in its motion, Plaintiff has stated that it would like to present a jury demand if the case was remanded to state court. A transfer at this time would cause little, if any, duplication of effort by the court or the parties and would not impair the rights of any party.

Additionally, due to the change of circumstances since the initial transfer, it is unlikely that the disposition of the case is any longer more expeditious or easy in the Northern District of Texas than it would be in the Southern District of Texas. At the time that the case was initially transferred, the bankruptcy proceeding was pending. In its Order granting Defendant's Motion to Transfer, the Southern District of Texas correctly reasoned that "because all of the causes of action in this case are all either core bankruptcy proceedings or so closely related that they form part of the same controversy, they can most easily, expeditiously, and inexpensively be litigated in the Bankruptcy Court of the Northern District of Texas." Judge Lake Order at 31. The bankruptcy proceeding ended on September 24, 2009, and as a result no core bankruptcy claims remain in the this suit. The remaining claims involve solely matters of state of law.

Consequently, the practical problems that once hindered the case are no longer present. After weighing the four private factors, the court determines that three factors are neutral, and one factor weighs in favor of transfer to the Southern District of Texas.

**Memorandum Opinion and Order- Page 8**

D.     **The Four Public Factors**

1.     **The Administrative Difficulties Flowing from Court Congestion**

The first public factor weighs against transfer to the Southern District of Texas. Neither Plaintiff nor Defendants have submitted any information to the court suggesting that the Southern District of Texas or the Northern District of Texas are overburdened. The court is unable to assess whether any administrative difficulties would flow from court congestion, if any, in the Southern District of Texas. This court, however, can state unequivocally that no congestion will occur on this court's docket if the case remained in Dallas. The court therefore determines that this factor weighs against transfer to the Southern District of Texas.

2.     **The Local Interest in Having Localized Interests Decided at Home**

The second factor is neutral. The location of the alleged wrong (breach of contract) giving rise to this action occurred in Dallas, at least initially. The initial contract negotiations were made through telephone and e-mail communications. Following the initial conversations, the President of Sabre Technologies traveled to Dallas to negotiate the terms of the contract. After the contract negotiations, the parties executed the contract through an electronic medium. Following the contract execution, the parties continued to have ongoing communications via telephone and e-mail. Defendants later traveled to Houston, where Defendants met with Sabre staff to evaluate the terms of the transaction. Generally, there is a preference to try matters where the alleged injury occurred. To say that the causes of action accrued in Dallas or Houston alone misses the mark. Here, the injury arose from an ongoing series of transactions and misrepresentations, making it impossible to conclude that local interests favor trial in one setting as opposed to another. Consequently, the case

**Memorandum Opinion and Order- Page 9**

does not involve any wholly localized issues. The disposition of the matter in the Southern District as opposed to Northern District, or vice versa, will likely not affect any localized interests.

### 3. The Familiarity of the Forum with the Law that will Govern the Case

The third factor, however, favors transferring the case to the Southern District of Texas. This case involves purely Texas state law claims, and this court firmly believes that it should be litigated in state court. Both federal courts are equally familiar with Texas law. The Southern District of Texas, however, has one important procedural advantage over the Northern District of Texas in that it is able to remand the action to the proper state court, and this court cannot legally do so. When a case is removed from a state court to federal court, it must be removed "to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). To send the action to its court of origin, the reverse procedure must be followed, namely, transferring it to the Southern District of Texas. The Southern District of Texas is procedurally capable of remanding the action because the proper state court is within the district embracing the Southern District of Texas. Consequently, the third factor weighs in favor of transfer.

### 4. The Avoidance of Unnecessary Problems of Conflict of Laws of the Application of Foreign Law

The fourth factor is neutral. Litigating the matter in the Northern District of Texas or in the Southern District of Texas does not create any problems regarding conflict of laws. As previously stated, this lawsuit involves only state law claims. Litigation of the case in the Northern District of Texas would not require this court to apply unfamiliar law, as the court frequently decides state law issues in diversity actions. Likewise, litigating the matter in the Southern District of Texas would not pose any problems regarding conflict of law.

**Memorandum Opinion and Order- Page 10**

    **E.**    **Combined Assessment of the Private and Public Factors**

With respect to the private factors, one weighs in favor of transfer, and three are neutral. As to the public factors, one weighs in favor of transfer, one factor weighs against a transfer, and two factors are neutral. In sum, two factors weigh in favor of transfer, one factor weighs against transfer, and five factors are neutral. The court believes that this alone is enough to transfer the action to the Southern District of Texas; however, allowing some deference to Plaintiff's choice of forum and given that only the state claims remain, an overriding interest exists for this action to be litigated in state court. The interest of justice supports transferring this action to a district whereby this objective can be accomplished. Consequently, this court concludes that for the convenience of the parties and witnesses and in the interest of justice, the proper forum for this action is the Southern District of Texas.

**III.**    <u>**Conclusion**</u>

For the reasons herein stated, the court **determines** that a majority of the factors and the interest of justice warrant a transfer to the Southern District of Texas. Accordingly, the court, pursuant to 28 U.S.C. § 1404(a), "[f]or the convenience of the parties and witnesses, in the interest of justice," **transfers** this action to the Houston Division of the Southern District of Texas. The clerk of the court shall effect the transfer in accordance with the usual procedure. **It is so ordered** this 29th day of September, 2010.

                                                      Sam A. Lindsay
                                                    United States District Judge